UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFRIE MOORE,

                                  Plaintiff,

        v.                                                      1:08-CV-0357 (LEK/RFT)

KEVIN MEEHAN, Albany Police Department Officer;
JOHN DOE and JANE DOE, unknown Albany Police
Department Officers; CITY OF ALBANY

                                  Defendants.
_____


**MEMORANDUM-DECISION AND ORDER**


**I.    INTRODUCTION**

      Presently before the Court are a partial Motion for summary judgment (Dkt. No. 11) filed by Defendants and a partial cross-Motion for summary judgment (Dkt. No. 15) filed by Plaintiff Jeffrie Moore ("Moore" or "Plaintiff"). Defendant parties, as designated, are Kevin Meehan, who Plaintiff sues individually and as an employee of the Albany Police Department; John and Jane Doe, representing other employees of the Albany Police Department whose actual names are presently unknown; and the City of Albany, New York (collectively, "Defendants"). The Court shall address these Motions in turn.


**II.    BACKGROUND**

1

The instant action alleges six causes of actions against Albany Police Department officers and the City of Albany, New York arising from an incident occurring on June 23, 2007. At approximately 8:45 p.m., the Defendant officers arrived at Three Lincoln Square, Albany, NY in response to a radio call indicating that "a tall black male 6'3" with afro, dark brown T-shirt, dark jeans" was selling drugs in that area. At approximately 9:30 p.m., the Plaintiff was found by the officers to be situated outside his residence at One Lincoln Square, near the site of the reported seller of illegal drugs. There is disagreement between the parties as to whether and to what extent Plaintiff met the description given in the radio call. In any case, the officers approached the Plaintiff and made assorted inquiries about his person. There is substantial disagreement as to what transpired next; it is alleged by Plaintiff that the officers initiated a physical altercation and inflicted various forms of force upon his body, particularly with pepper spray and a baton. While the Defendants' version of events is unclear, they recognize that a physical altercation occurred, and that the dispute occasioned by Plaintiff's refusal to answer the officers' questions led the officers to arrest and charge Plaintiff with Disorderly Conduct, Obstruction of Governmental Administration and Resisting Arrest.

All the charges against Plaintiff were dismissed by the Honorable Thomas K. Keefe, Albany City Court Judge, on November 15, 2007 because the charging instrument was facially invalid. See Dkt. No. 11, Ex. E. As to the obstruction charge, the court wrote that "the People's sole argument - that Penal Law 195.05 does not require physical force - appears to be based entirely on a misreading of the statute and is at odds with prevailing caselaw" and that the People's "sole allegation is that the defendant failed to provide pedigree information to a police officer upon request. . . . [which] cannot support a Penal Law § 195.05 charge." Id. As to the disorderly conduct charge, because it

rested entirely on a conclusory statement about the use of obscene language by Moore, the court found that "no facts have been alleged to support a conclusion that the defendant's statements were made, 'with intent to cause public inconvenience, annoyance or alarm, or recklessly created a risk thereof' - a material element of the charged crime." Id. (emphasis in original). As to the resisting arrest charge, the court found that "no factual allegations are made establishing that the underlying arrest was authorized" and that the People could not cure this defect in opposition. Id.

Plaintiff filed suit against Defendants on March 10, 2008 in Albany County Supreme Court. Pursuant to 28 U.S.C. § 1441(b) and due to the nature of Plaintiff's claims, Defendants removed the action to this Court on April 1, 2008 on the basis of district courts' federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff asserts the following claims: (1) denial of liberty under 42 U.S.C. 1983; (2) excessive force under 42 U.S.C. 1983; (3) malicious prosecution under 42 U.S.C. 1983; (4) common law false arrest and imprisonment; (5) common law assault and battery; (6) and common law malicious prosecution. Plaintiff seeks damages and attorney fees pursuant to 42 U.S.C. § 1988. On July 28, 2009, Defendants moved for summary judgment on the Plaintiff's Third and Sixth Claims, the malicious prosecution claims, and to dismiss the City of Albany as a party to the action. On September 1, 2009, Plaintiff, along with opposing Defendants' Motion in part, moved for partial summary judgment on issues pertaining to the Third and Sixth Counts.

**III.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Beard v. Banks, 548 U.S. 521, 529 (2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). A court must "'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing the judgment.'" Brown v. Henderson, 257 F.2d 246, 251 (2d Cir. 2001) (quoting Cifra v. General Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden of demonstrating that no genuine issue of material fact exists for trial, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986) (citations omitted). The nonmovant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown, 257 F.3d at 251 (citation omitted). The nonmoving party "may not rely merely on allegations or denials in its own pleadings;" bald assertions unsupported by evidence are insufficient to overcome a motion for summary judgment. FED. R. CIV. P. 56(e)(2); see Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990). "Factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony." Brown, 257 F.3d at 251 (citation omitted).

**IV.   DISCUSSION**

*a. Favorable Termination*

4

Defendants contend that Plaintiff's Third and Sixth Claims fail as a matter of law because Plaintiff cannot establish at least one of the necessary elements of the tort of malicious prosecution.[1] "To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, that it was brought with malice but without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff." Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003) (citing Martinez v. City of Schenectady, 97 N.Y.2d 78, 84 (Ct. App. 2001) (other citation omitted). It is argued that Plaintiff's prosecution was not terminated in his favor and that he failed to allege malice on the part of Defendants. Neither of these arguments is persuasive, however, as the Court finds that the prosecution for the underlying criminal action in the instant case was resolved in favor of the Plaintiff and that the Plaintiff alleged facts which render the issue of malice a question for the jury.

The Defendants' assertion that the prosecution of the Plaintiff was not resolved in his favor rests entirely on the view that a criminal court's dismissal on grounds that the charging instrument lacked sufficient information to be valid is not a termination in favor a plaintiff. Taken by itself, the proposition that such a dismissal is not a favorable resolution is most likely true. See Smith-Hunter v. Harvey, 95 N.Y.2d 191, 197 (Ct. App. 2000) (discussing a case in which the court held, in a summary judgment context, that a dismissal without prejudice of the information for insufficiency under NY CPL 170.30(1)(a) and 170.35(1)(a) did not provide the basis for a malicious prosecution claim because "the dismissal without prejudice was not a final termination of the action" and the

---

[1] The elements of a malicious prosecution claim under section 1983 are substantially the same as the elements of such a claim under New York law and, thus, the analysis of plaintiff's federal and state claims for malicious prosecution is identical. See Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003).

People "remained at liberty to amend the information to correct the deficiency") (citations and quotations omitted).  But as Smith indicated, the proposition says nothing where the termination of a prosecution is indeed final.

Thus in Smith itself, the New York Court of Appeals found that a dismissal pursuant to a speedy trial statute indeed constituted a favorable termination for purposes of a malicious prosecution claim.  Id. at 195-96; see also Murphy v. Lynn, 118 F.3d 938, 949 (2d. Cir. 1997) (explaining that to not consider a speedy trial dismissal a favorable termination "would encourage state officials, hoping to shield wrongdoing officers . . . from liability, to commence criminal prosecutions against the victims of that wrongdoing and simply hold the criminal charges in abeyance until a court is forced to dismiss the case after six or more months").  The Second Circuit found the logic of Smith to impose "no relevant distinction between this case [where the end dates given by the speedy trial statute has long passed and prosecution had taken no action] and Smith-Hunter; due to the City's abandonment of the criminal action, it has been constructively dismissed." Rogers v. City of Amsterdam, 303 F.3d 155, 160-61 (2d Cir. 2002).  Prosecutorial inaction was effectively a favorable termination because "any attempt now by the City of Amsterdam to proceed with criminal action against [the plaintiff would] necessarily result in a dismissal." Id.  Given this state and federal case law, at least as a general matter, it is clear that where an information has been dismissed for insufficiency and the prosecution has failed to amend the information in the time frame allowed under a governing speedy trial provision, a termination of the prosecution has occurred that is both final and not inconsistent with the innocence of the defendant in the underlying

criminal action.[2]  In the instant case, Albany City Court dismissed the information against Plaintiff for insufficiency on November 15, 2007, and the deadlines imposed by New York Criminal Procedure Law 30.30 have long since expired. Per sections 205.30 (Resisting Arrest), 195.05 (Obstruction of Governmental Administration) and 240.20 (Disorderly Conduct), designating the first two offenses as class A misdemeanors and the last offense as a violation, the class A charges became subject to dismissal ninety days after commencement of the action against Plaintiff and the violation became subject to dismissal after thirty days.  Accordingly, because the charges would necessarily be dismissed on speedy trial grounds if a prosecution were brought now, the Court finds that there has been a favorable termination of the prosecution against Plaintiff.  Defendants' Motion for summary judgment is, therefore, denied, and Plaintiff's Motion of summary judgment on this issue is granted.  See, e.g., Bordeau v. Village of Deposit, 113 F. Supp. 2d 292 (N.D.N.Y. 2000) (denying summary judgment for defendants on substantially the same malicious prosecution question).

b. Malice

Defendants assert that the Court must grant summary judgment in their favor on the malicious prosecution claims because Plaintiff fails to allege malice.  See Rounseville v. Zahl, 13 F.3d 625, 630 (2d Cir. 1994) (malice "does not require a plaintiff to prove that the defendant was motivated by spite or hatred, . . . rather, it means that the defendant must have commenced the prior

---

[2] A different question might be presented if, even though a speedy trial deadline had expired, an action were terminated "as a result of a settlement, mercy or any misconduct by plaintiff." Smith-Hunter, 95 N.Y.2d at 198.

criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.") (citation to New York state law omitted). This argument is without merit. It appears unlikely that Defendants intend to expressly challenge Plaintiff's Complaint as inadequate under Rule 8 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Rather, the nature of Defendants' argument seems to be that Plaintiff failed to allege facts that, if proven, would show the Defendants commenced the criminal action against Plaintiff for a motive or reason other than a desire to see the ends of justice served, and that the malicious prosecution claim is therefore defective.

The Court finds that Plaintiff has alleged sufficient facts to create a question of fact for the jury on the issue of malice. As stated above, Defendants' summary judgment Motion requires that the Court "'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing the judgment.'" Brown, 257 F.2d at 251. Defendants have offered no legal support for their challenge to what is traditionally a jury question. See Rounseville, 13 F.3d at 631. "New York courts recognize that actual malice can rarely be established through direct evidence and thus may be proven though circumstantial evidence. . . . [and] New York law considers the lack of probable cause and the presence of malice closely related." Id. Indeed, "the existence of malice may be inferred from a finding that defendants lacked probable cause to initiate criminal proceedings." Id.

Because a "lack of probable cause generally raises an inference of malice sufficient to withstand summary judgment," Ricciuti v. New York City Transit Auth., 124 F.3d 123, 131 (2d Cir. 2007), the challenge raised by Defendants is simply whether Plaintiff alleges facts that may indicate

a lack of probable cause. There is no question that Plaintiff does so. Beyond the general factual background already given, Plaintiff's Complaint specifically alleges, and Plaintiff's cross-Motion quotes:

> Plaintiff asked the Albany Police Officers why they were asking these questions and they proceeded to grab Plaintiff from behind, sprayed his face with pepper spray or some other noxious substance, slammed him on the ground, kicked, punched and pummeled him and then arrested him, without probable cause to believe that he had committed any crime. After Plaintiff's false arrest and false imprisonment he was subject to a malicious prosecution in Albany City Court, on the complaint of Albany Police Officer Kevin Meehan, one of the arresting officers.

Compl. ¶ 13 (Dkt. No. 1). As Plaintiff summarizes, he alleges that "Defendants improperly grabbed Plaintiff, injured him without any justification, and then falsely arrested him and wrongly charged him with three offenses." A lack of probable cause, which raises an inference sufficient to withstand Defendant's Motion, is thus unequivocally alleged. Defendant's Motion on this issue must be denied.

*c. The City of Albany*

Lastly, Defendants move to dismiss the City of Albany as a party to this action. Plaintiff has raised no objection to this aspect of Defendants' Motion. The Complaint itself alleges that the City of Albany "failed to adequately train and/or supervise the individual employees of the Albany Police Department, named and unnamed, to avoid the constitutional violations of Plaintiff's rights and resultant damages described herein." Compl. ¶ 10 (Dkt. No. 1). However, Plaintiff's responses to the Defendant's interrogatories, as well as the absence of any factual allegations that would support a claim against the City, lead this Court to conclude that the Complaint should be dismissed as against the City.

In a signed and verified response to an interrogatory, Plaintiff stated that he is "not relying on any prior incidents of police misconduct by named Defendants or agents of employees of said Defendants at this time" and that he is "not seeking to prove that the injuries/damages that he suffered as a result of the aforesaid incident were caused by a pattern, practice, policy or custom of the City of Albany at this time." Dkt. No. 11, Ex. D.  These statements appear to abandon any claim against the City of Albany, and, in any case, Plaintiff has alleged no facts or evidence which would support a claim against the city based on a failure to train or supervise employees.  Municipal liability "cannot result from a theory of respondeat superior; rather, it can be imposed only if the acts in question were carried out in 'execution of a government's policy or custom'" Thomas v. Roach, 165 F.3d 137, 145 (2d Cir. 1999) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  "Although this rule 'does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'" DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (citation omitted).  Here, Plaintiff has made allegations limited to a specific incident and only involving officers in the Albany Police Department, such that no circumstantial proof is alleged to existence that would enable any of Plaintiff's claims to be brought against the City of Albany itself.  As a matter of law, then, the Complaint should be dismissed as against the City, so that the City ceases to be a party to this action.

## V. CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 11) is GRANTED in part and DENIED in part, consistent with this Decision and Order, and it is further

**ORDERED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 15) is GRANTED, consistent with this Decision and Order, and it is further

**ORDERED**, that the City of Albany is DISMISSED as a party to this action, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

 **IT IS SO ORDERED.**

DATED:	March 11, 2010
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge